**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 20-cv-_____

CHILE COLONIAL, LLC,

    Plaintiff,

v.

TRADER JOE'S COMPANY,

    Defendant.

**COMPLAINT AND JURY DEMAND**

Plaintiff, Chile Colonial, LLC ("Chile Colonial"), by and through its undersigned counsel, brings this Complaint and Jury Demand against Trader Joe's Company ("Trader Joe's") alleging as follows:

**NATURE OF THE CASE**

1. In this action, Chile Colonial seeks damages, injunctive and other relief for trademark infringement in violation of the Lanham Act, 15 U.S.C. §§ 1114 and 1125; unfair competition in violation of the Lanham Act, 15 U.S.C. § 1125(a); unfair and deceptive business practices in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101 *et seq.*; and unfair competition under the common law of the state of Colorado. These claims arise out of Trader Joe's infringement of Chile Colonial's CHILE CRUNCH trademark in connection with Trader Joe's sales of a knock-off condiment called "Chili Onion Crunch."

**PARTIES**

2. Chile Colonial is a Colorado limited liability company having its principal place of business at 8155 E. Fairmont Drive, Suite 1521, Denver, Colorado 80230.

1

3. Trader Joe's is a California corporation having a principal place of business at 800 S. Shamrock Avenue, Monrovia, California 91016. Trader Joe's operates a nationwide chain of grocery stores with several locations in Colorado. Trader Joes is registered to do business in Colorado and maintains a registered agent in Colorado.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1332, 1338 and 1367. The amount in controversy exceeds the sum or value of $75,000. Chile Colonial's federal claims are predicated on 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a), and its claims arising under state law are substantially related such that they form part of the same case or controversy under Article III of the United States Constitution.

5. This Court has personal jurisdiction in this matter because Trader Joe's has purposefully directed its activities at residents of Colorado, purposefully availed itself of the privilege of doing business in Colorado, engaged in significant contacts with Colorado, including operating several stores in Colorado, regular sales, shipments, and distribution of goods branded with the infringing marks that are the subject of this action in Colorado to Colorado residents, and has constitutionally sufficient contacts with Colorado to make personal jurisdiction proper in this District. Trader Joe's has engaged in these tortious activities with the knowledge that Chile Colonial is located in Colorado and will be harmed by Trader Joe's actions in Colorado.

6. Trader Joe's is subject to the Court's personal jurisdiction with respect to this action pursuant to Colorado's long-arm statute, Colo. Rev. Stat. § 13-1-124 because Colorado's long-arm statute confers personal jurisdiction to the maximum extent permitted by constitutional due process and, for the reasons set forth herein, the exercise of jurisdiction over Trader Joe's comports with due process requirements. Alternatively, Trader Joe's is subject to personal jurisdiction under Colorado's long-arm statute as persons transacting business within the State of Colorado and as

persons committing tortious acts within the State of Colorado, Col. Rev. Stat. §§ 13-1-124(1)(a) and (1)(b).

7. This Court has personal jurisdiction over Trader Joe's under the Due Process Clause because Trader Joe's has expressly aimed tortious activities toward the State of Colorado and established minimum contacts with Colorado by, among other things, engaging in significant advertising, marketing, sales, shipments, and distribution of infringing goods bearing Chile Colonial's trademark into Colorado and to consumers in Colorado with the knowledge that Chile Colonial is located in Colorado and is harmed in Colorado as a result of Trader Joe's infringing sales.

8. Trader Joe's has deliberately engaged in significant activities in Colorado and availed itself of the privilege of conducting business in Colorado, including through regular sales of infringing products in Colorado and to Colorado residents. Trader Joe's contacts with Colorado are significant and are not merely random, fortuitous, or attenuated. Through its operation of several stores in Colorado, advertising, marketing, sales, shipments, and distribution of products in Colorado and to Colorado residents, Trader Joe's could reasonably anticipate being brought into Court in Colorado.

9. Further, despite having been put on notice of its infringing activities and the harm it is causing Chile Colonial in Colorado, Trader Joe's continues to engage in its tortious actions and sell infringing products into Colorado with the knowledge that it is harming Chile Colonial in Colorado. Trader Joe's intended its sales, distribution, shipping, marketing, and advertising of infringing goods to reach Colorado and affect Chile Colonial's business operations in Colorado, including but not limited to, causing confusion, mistake, or deceit among Chile Colonial's customers.

10. Given Trader Joe's significant activities in Colorado, the exercise of jurisdiction

over Trader Joe's is reasonable.

11. Venue is proper within this District under 28 U.S.C. §§ 1391(b) and (c).

## FACTUAL ALLEGATIONS

### Chile Colonial's CHILE CRUNCH Mark

12. Chile Colonial's predecessor in interest was first organized as a California limited liability company on October 20, 2007, to create and sell condiments and oils.

13. Chile Colonial then moved to Colorado, and a Colorado limited liability company was formed on May 8, 2012 for the same business purpose as the California company.

14. On June 6, 2006, Chile Colonial, or its predecessor-in-interest, first distributed and sold in commerce condiments bearing the mark CHILE CRUNCH

15. Chile Colonial owns U.S. Mark Registration No. 4,835,102 for the mark CHILE CRUNCH, that issued on October 20, 2015, for condiments, namely salsa and sauces, in International Class 30. A copy of the registration certificate for Chile Colonial's mark CHILE CRUNCH (the "Chile Colonial mark") is attached hereto as Exhibit A.

16. The registration of the Chile Colonial mark is valid and in full force and effect.

17. Since June 6, 2006, Chile Colonial, including its predecessors-in-interest, have actively distributed and sold its condiment Chile Crunch, a condiment consisting of garlic, onion, chile de arbol, canola oil, salt and spices, under the Chile Colonial mark (the "Chile Crunch condiment").

18. Chile Colonial markets and sells the Chile Crunch condiment nationwide through its website (www.chilecrunch.com) and a variety of retail stores.

19. The label on the Chile Crunch condiment bears and displays the Chile Colonial Mark with the ® symbol adjacent thereto:

4



20. Chile Colonial has invested a significant amount of time, energy, and resources in developing and promoting the Chile Crunch condiment.

21. As a result of the many years of continuous, widespread and extensive use, and significant resources dollars spent in product development, promotion and advertising efforts, and the resultant product sales, the Chile Colonial mark is a strong mark, has engendered significant goodwill and a favorable reputation among the relevant public.

22. Consumers recognize the Chile Colonial mark as being associated with an all natural, high quality, delicious condiment.

23. The Chile Colonial mark has considerable value.

### Trader Joe's Activities Using the Infringing Mark

24. Trader Joe's operates a chain of nationwide grocery stores, with several Colorado locations.

25. On or around April 19, 2018, a representative of Trader Joe's reached out to Chile Colonial to express interest in selling the Chile Crunch condiment at its stores.

26. Chile Colonial and Trader Joe's engaged in negotiations concerning Trader Joe's purchase and sale of the Chile Crunch condiment at its stores.

27. Trader Joe's decided not to purchase the Chile Crunch condiment from Chile Colonial due to the cost thereof.

28. Shortly thereafter, Trader Joe's created and started selling a condiment called, marketed, and labeled as Chili Onion Crunch at its stores:



29. Chile Onion Crunch is comprised of nearly identical ingredients to those of the Chile Crunch condiment, including garlic, onion, salt, and chilis.

30. Trader Joe's attempted to pass off its condiment as that of Chile Colonial's Chile Crunch condiment.

31. Despite the prior discussions with Chile Colonial in April of 2018, concerning Trader Joe's purchase and sale of the Chile Crunch condiment at its stores, Trader Joe's never notified Chile Colonial of its decision to launch and sell a condiment virtually identical to the Chile Crunch condiment and under a mark nearly identical to the Chile Colonial mark.

32. Chile Colonial became aware of Trader Joe's marketing and sale of Chili Onion Crunch at its stores when it began receiving emails congratulating it for being picked up and sold at Trader Joe's stores.

33. The senders of such emails mistakenly believed that the Chili Onion Crunch was the Chile Crunch condiment.

34. On July 11, 2019, Chile Colonial sent a letter to Trader Joe's advising and placing it on notice that Trader Joe's sale of the Chili Onion Crunch condiment violated Chile Colonial's trademark rights by causing confusion as to the source of the product or the existence of a connection, sponsorship or affiliation between Chili Onion Crunch and the Chile Crunch condiment where none exists.

35. The letter further stated that Trader Joe's use of Chili Onion Crunch in conjunction with its sale of condiments constitutes infringement and dilution of our Chile Colonial's rights under the Lanham Act, and requested that Trader Joe's immediately and permanently cease and desist all use of Chili Onion Crunch, including promoting, advertising, selling, distributing or otherwise exploiting any condiment products under the mark Chili Onion Crunch.

36. On October 7, 2019, Chile Colonial sent another letter to Trader Joe's again noting the actual confusion as to the source of the product or the existence of a connection, sponsorship or affiliation between Chili Onion Crunch and the Chile Crunch condiment or Chile Colonial, due to the similarity of the marks and condiments, and reasserted its demand for Trader Joe's to cease manufacturing, selling, advertising and distributing any product bearing the mark Chili Onion Crunch.

37. Actual confusion exists among consumers who believe that Chile Colonial is a sponsor of or affiliated with Chili Onion Crunch, or believe that Chili Onion Crunch is actually the Chile Crunch condiment.

38. Despite Chile Colonial's numerous and persistent demands that Trader Joe's cease and desist selling their confusing product, Trader Joe's has continued to free-ride on the goodwill that Chile Colonial has built through its years of marketing and selling the Chile Crunch condiment. People have contacted representatives of Chile Colonial under the belief and assumption that the Chili Onion Crunch is the Chile Crunch condiment or that Chile Colonial is the producer or source of the Chili Onion Crunch.

39. By examining the ingredients of the Chile Crunch condiment and Chili Onion Crunch, it is evident that they are nearly identical products and directly competing goods.

40. The marks, Chile Crunch and Chili Onion Crunch, are sufficiently similar in terms of their commercial impression such that persons who encounter the marks would be likely to assume a connection between the parties.

41. By using Chili Onion Crunch, Trader Joe's merely changed "Chile" to "Chili" and added "Onion" to "Chili Crunch". In addition, "Chile" is pronounced identically to "Chili".

42. Due to the low cost of the Chile Crunch condiment and Chili Onion Crunch, the purchasers thereof would be ordinary consumers that exercise a minimal degree of care and purchase the same without a great deal of discernment.

43. Trader Joe's conduct as described herein, including its infringing use in interstate commerce of the confusingly similar Chili Onion Crunch mark, is subsequent to the registration date of the Chile Colonial mark.

44. Trader Joe's has committed the aforementioned acts intentionally and willfully, with knowledge that such imitations are causing confusion, or likely to cause confusion, mistake, or deceit.

45. Trader Joe's conduct has caused consumer confusion and continues to cause consumer confusion, in violation of Chile Colonial's prior and valuable trademark rights.

46. Trader Joe's conduct has damaged Chile Colonial by creating an erroneous impression of an affiliation or sponsorship between Trader Joe's and Chile Colonial, whereby consumer have purchased Chili Onion Crunch believing it to be the Chile Crunch condiment.

47. Trader Joe's conduct, despite Chile Colonial's objections, continues to damage Chile Colonial by creating the potential for reverse confusion in that consumers would believe that Trader Joe's is the senior user of the Chile Crunch mark and that Chile Colonial is a junior user, an infringer, and a competing commercial entity rather than the long time creator of the Chile Crunch condiment.

### Chile Colonial has Suffered Significant Harm as a Result of Trader Joe's Conduct

48. As set forth above, the sale of a cheap, knock-off version of the Chile Crunch condiment has caused significant harm to the Chile Colonial's Chile Crunch brand.

49. Chile Colonial has suffered, and will continue to suffer, significant monetary harm as a result of Trader Joe's actions, including, but not limited to, loss of sales, damage to their intellectual property, and damage to their existing and potential business relations.

50. Chile Colonial has suffered, and will continue to suffer, irreparable harm to its reputation, goodwill, business and customer relationships, intellectual property rights, and brand integrity.

51. Chile Colonial is entitled to injunctive relief because Trader Joe's will continue to unlawfully sell its Chili Onion Crunch condiment and infringe on the Chile Colonial mark, causing continued irreparable harm to Chile Colonial's reputation, goodwill, relationships, intellectual property, and brand integrity.

52. Trader Joe's conduct is knowing, intentional, willful, malicious, wanton, and contrary to law.

53.     Trader Joe's willful violations and infringement of the Chile Colonial mark and continued pattern of misconduct demonstrate intent to harm Plaintiffs.

## COUNT ONE
## Trademark Infringement
## 15 U.S.C. §§ 1114 and 1125(a)

54.     Chile Colonial repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

55.     Chile Colonial is the owner of the Chile Colonial mark.

56.     The Chile Colonial mark is valid and protectable.

57.     This is a claim for infringement of the federally registered Chile Colonial mark, as depicted in the attached Exhibit A.

58.     Trader Joe's has used both "Chili Onion Crunch" on its website and in advertising and product labeling. The infringing mark has been used in connection with a nearly identical product for which Chile Colonial's mark is registered and used.

59.     Trader Joe's actions constitute trademark infringement of Chili Colonial's federally registered trademark Chile Crunch.

60.     Trader Joe's used its infringing mark in connection with the sale, offering for sale, distribution and advertising of goods, particularly a garlic and onion-based condiment, nearly identical to Chile Colonial's condiment.

61.     Trader Joe's above described conduct, in particular the use of the infringing mark, is likely to cause confusion, or to cause mistake, or to deceive the purchasing public and others, leading them to mistakenly believe that Trader Joe's Chili Onion Crunch is the Chile Crunch condiment or that it is authorized or made by Chile Colonial, in violation of 15 U.S.C. § 1114(1).

62. Trader Joe's is not now, nor has it ever been, licensed or otherwise authorized to use any part of the Chile Colonial mark in connection with products or informational materials not associated with Chile Colonial.

63. Trader Joe's conduct as alleged herein constitutes a willful and knowing attempt to trade on the goodwill which Chile Colonial owns and has developed in the Chile Colonial mark.

64. As a direct and proximate result of Trader Joe's wrongful conduct, Chile Colonial has suffered damages including, but not limited to, loss of sales diverted to Trader Joe's and loss of goodwill and reputation. Trader Joe's acts and conduct as alleged above have damaged and will continue to damage Chile Colonial, in an amount to be proven at trial.

65. Trader Joe's above described conduct is continuing and has caused and, unless restrained and enjoined by this Court, will continue to cause irreparable harm, damage, and injury to Chile Colonial as described herein.

66. Trader Joe's acts constitute infringement of the Chile Colonial trademark and have been committed with the intent to cause confusion, mistake or deception, and are in violation of 15 U.S.C. §§ 1114 and 1125(a).

67. As a direct and proximate result of Trader Joe's infringing activities, Chile Colonial is entitled to recover damages and to disgorge the unlawful profits of Trader Joe's from their willfully infringing sales and unjust enrichment.

68. Trader Joe's infringement is exceptional and intentional, entitling Chile Colonial to treble the amount of its damages and profits awarded, and to an award of attorneys' fees and costs under 15 U.S.C. § 1117(a).

69. Chile Colonial is entitled to injunctive relief under 15 U.S.C. § 1116 as it has no adequate remedy at law for Trader Joe's infringement and unless Trader Joe's is permanently enjoined, Chile Colonial will suffer irreparable harm.

## COUNT TWO
### Unfair Competition
### 15 U.S.C. § 1125 (a)

70. Chile Colonial repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

71. Trader Joe's used "Chili Onion Crunch" in commerce. Particularly, Trader Joe's used the infringing mark to market and sell a garlic and onion-based condiment in the United States, where Chile Colonial has been selling a nearly identical condiment for many years.

72. Trader Joe's use of "Chili Onion Crunch" has and will continue to cause confusion, cause mistake or deceive consumers as to the affiliation, connection, or association of Trader Joe's with Chile Crunch, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

73. Similarly, Trader Joe's use of "Chili Onion Crunch" has and will continue to cause confusion, cause mistake or deceive consumers as to the origin, association, sponsorship or approval of Trader Joe's Chili Onion Crunch product by Chile Colonial.

74. As a direct and proximate result of Trader Joe's wrongful conduct, Chile Colonial has suffered damages including, but not limited to, loss of sales diverted to Trader Joe's and loss of goodwill and reputation. Trader Joe's acts and conduct as alleged above have damaged and will continue to damage Chile Colonial, in an amount to be proven at trial.

75. Trader Joe's conduct is continuing and will continue unless restrained by the Court. Unless enjoined by this Court, Trader Joe's infringement will continue to cause Chile Colonial irreparable damage, loss and injury, for which Chile Colonial has no adequate remedy at law.

76. Trader Joe's infringement is exceptional and intentional, entitling Chile Colonial to treble the amount of its damages and profits awarded, and to an award of attorneys' fees and costs under 15 U.S.C. § 1117(a).

77. Chile Colonial is entitled to injunctive relief under 15 U.S.C. § 1116 as it has no adequate remedy at law for Trader Joe's infringement and unless Trader Joe's is permanently enjoined, Chile Colonial will suffer irreparable harm.

## COUNT THREE
### Deceptive Trade Practices
### Colo. Rev. Stat. § 6-1-101 *et seq.*

78. Chile Colonial repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

79. Chile Colonial is the owner of the Chile Colonial mark.

80. Chile Colonial registered the Chile Colonial mark with the United States Patent and Trademark Office.

81. The Chile Colonial mark is valid and enforceable.

82. Trader Joe's sales of its Chili Onion Crunch condiment is likely to cause confusion, mistake, or deceive an appreciable number of ordinarily prudent purchasers as to the affiliation, connection, association, sponsorship or approval of Chile Colonial because it suggests that its products originate from or are otherwise connected with Chile Colonial.

83. Trader Joe's unauthorized sale of products bearing the confusingly similar "Chili Onion Crunch" brand constitute unfair methods of competition, unconscionable acts or practices, and unfair or deceptive acts or practices in the conduct of trade or commerce in violation of the Colorado Consumer Protection Act, Colo. Rev. Stat. § 6-1-101, et seq.

84. Trader Joe's deceptive trade practices occurred in the course of its business and significantly impacted the public as actual or potential consumers of Trader Joe's goods.

85. Trader Joe's infringing sales advertising materially damages the value of the Chile Colonial mark.

86. Chile Colonial has been damaged in the course of its business by Trader Joe's unfair, deceptive, and unlawful trade practices.

87. Trader Joe's has acted in bad faith and engaged in fraudulent, willful, knowing, and intentional conduct.

88. Chile Colonial is entitled to recover damages, treble damages, and reasonable attorneys' fees and costs pursuant to Colo. Rev. Stat. § 6-1-113.

89. Chile Colonial is entitled to recover exemplary damages because Trader Joe's has acted with fraud, malice, and willful and wanton conduct.

## COUNT FOUR
### Unfair Competition under Common Law

90. Chile Colonial repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

91. Chile Colonial and Trader Joe's are competitors in the sale of chili and onion-based condiments in the United States.

92. The Chile Colonial mark has been used exclusively by Chile Colonial, or its predecessors in interest, since 2006.

93. Trader Joe's unfairly used and is using "Chili Onion Crunch", which is nearly identical to the Chile Colonial mark, in competition with Chile Colonial.

94. Trader Joe's Conduct also constitutes intentional, willful, and reckless disregard of Chile Colonial's rights by Trader Joe's and an attempt to trade on the goodwill which Chile Colonial has developed, all to the damage of Chile Colonial.

95. Because of its similarity to the Chile Colonial mark, the public has been and will likely continue to be confused or deceived by Trader Joe's use of "Chili Onion Crunch." Trader Joe's conduct as alleged herein constitutes misappropriation of valuable property rights of Chile Colonial and trading on the goodwill symbolized by the Chile Colonial mark. Because of its

similarity to the Chile Colonial mark, the public has been and will likely continue to be confused or deceived by Trader Joe's use of "Chili Onion Crunch."

96. The acts and conduct of Trader Joe's as alleged herein constitute unfair competition with Chile Colonial in violation of the common law of the State of Colorado.

97. As a direct and proximate result of Trader Joe's wrongful conduct, Chile Colonial has suffered damages including, but not limited to, loss of sales diverted to Trader Joe's and loss of goodwill and reputation. Trader Joe's acts and conduct as alleged above have damaged and will continue to damage Chile Colonial, in an amount to be proven at trial.

## COUNT FIVE
## Unjust Enrichment

98. Chile Colonial repeats and realleges each and every allegation set forth above, and incorporates them by reference as though fully set forth herein.

99. Trader Joe's, through its use of the infringing mark, "Chili Onion Crunch", has received benefits, including, but not limited to, sales that would have otherwise been with Chile Colonial, and the goodwill associated with the Chile Colonial mark and Chile Crunch condiment.

100. As a result of Trader Joe's actions, it has been unjustly enriched at the expense of Chile Colonial inasmuch as Trader Joe's has obtained money and other benefits through infringing on the Chile Colonial mark.

101. Under the circumstances, it is unjust for Trader Joe's to retain the benefits from infringing on the Chile Colonial mark without paying the value thereof.

102. As a direct and proximate result of Trader Joe's wrongful conduct, Chile Colonial has suffered damages including, but not limited to, loss of sales diverted to Trader Joe's and loss of goodwill and reputation. Trader Joe's acts and conduct as alleged above have damaged and will continue to damage Chile Colonial, in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Chile Colonial, LLC requests entry of judgment in its favor against Defendant Trader Joe's Company as follows:

A.  Judgment in favor of Chile Colonial and against Trader Joe's in an amount to be determined at trial, including, but not limited to, compensatory damages, statutory damages, treble damages, restitution, including disgorgement of profits, punitive damages, and pre-judgement and post-judgment interest, as permitted by law.

B.  That a permanent injunction be issued enjoining Trader Joe's and any employees, officers, agents, servants, representatives, directors, attorneys, successors, affiliates, assigns, and any and all other entities owned and controlled by Trader Joe's, and all persons in active concert or participation with Trader Joe's (the "Enjoined Parties") as follows:

1.  Prohibiting the Enjoined Parties from using in any manner "Chili Onion Crunch" or any other designation that is confusingly similar to Chili Crunch, as a trademark, service mark, trade name, internet domain name, or component thereof, or otherwise to market, advertise or identify Trader Joe's or their respective goods and services;

2.  Prohibiting the Enjoined Parties from committing any acts calculated to cause consumers to believe the infringing "Chili Onion Crunch" mark is sponsored or approved by, or connected with, or produced under the control and supervision of Chile Colonial;

3.  Prohibiting the Enjoined Parties from unfairly competing with Chile Colonial or engaging in any activity or contributing any activity, which has a tendency to dilute, tarnish, or otherwise irreparably harm Chile Colonial and the Chile Colonial mark and the goodwill associated with the Chile Colonial mark;

4.  Requiring the Enjoined Parties to take all action to remove from the Enjoined Parties' website and stores any reference to Chile Onion Crunch;

C. That this Court order Trader Joe's to immediately disclaim all rights in the Chile Colonial mark;

D. That Chile Colonial is awarded actual or statutory damages allowable by law, including pursuant to 25 U.S.C. § 1117;

E. That Chile Colonial is awarded treble damages, pursuant to 25 U.S.C. § 1117 and Colo. Rev. Stat. § 6-1-113;

F. That Chile Colonial is awarded any profits acquired by Trader Joe's through its acts of infringement, pursuant to 25 U.S.C. § 1117;

G. That Chile Colonial is awarded its reasonable attorneys' fees incurred in connection with this action, pursuant to 25 U.S.C. § 1117 and Colo. Rev. Stat. § 6-1-113;

H. That Chile Colonial is awarded exemplary damages; and

I. That the Court order such other relief as the Court deems just and proper.

## JURY DEMAND

Plaintiff Chile Colonial, LLC respectfully demands a jury trial on all issues so triable.

Dated this 3rd day of August, 2020.

        Respectfully submitted,

        By: *s/ John L. Skari, Jr.*
           Stewart D. Cables
           John L. Skari, Jr.
           Ryan C. Chubb
           Hassan + Cables, LLC
           1035 Pearl Street, Suite 200
           Boulder, Colorado 80302
           Telephone: 303-625-1025
           Facsimile: 303-957-1971
           Email: stewart@hassancables.com
                    john@hassancables.com
                    ryan@hassancables.com

        *Attorneys for Plaintiff Chile Colonial, LLC*