**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:20-cv-02281-DDD-KLM

CHILE COLONIAL, LLC,

          Plaintiff,

v.

TRADER JOE'S COMPANY,

          Defendant.

---

**TRADER JOE'S COMPANY'S ANSWER TO CHILE COLONIAL, LLC'S COMPLAINT**
**AND COUNTERCLAIMS**

---

Defendant, Trader Joe's Company ("Trader Joe's"), by and through its counsel of record, answers and responds to Plaintiff Chile Colonial, LLC's ("Chile Colonial") Complaint as follows:

1.     Trader Joe's admits Plaintiff brought this action and purports to seek damages and injunctive relief. The remaining allegations in Paragraph 1 consist of legal conclusions to which no response is required. To the extent a response is required, Trader Joe's denies the allegations in Paragraph 1.

2.     Trader Joe's lacks knowledge or information sufficient to form a belief as to the allegations of Paragraph 2 and, therefore, denies the same.

3.     Trader Joe's admits it is a California corporation with its main corporate office at 800 S. Shamrock Avenue, Monrovia, California 91016. Trader Joe's admits it operates grocery stores with locations in Colorado. Trader Joe's admits it is registered to do business in Colorado and maintains a registered agent in Colorado.

4.     Paragraph 4 asserts legal conclusions to which no response is required. To the extent a response is required, Trader Joe's denies the allegations in Paragraph 4.

5.      Trader Joe's admits it operates stores and engages in the sale of goods in Colorado, including TRADER JOE'S Chili Onion Crunch. Paragraph 5 otherwise asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 5.

6.      Paragraph 6 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 6.

7.      Trader Joe's admits it markets and sells goods in Colorado.  Paragraph 7 otherwise asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 7.

8.      Trader Joe's admits it sells goods in Colorado. Paragraph 8 otherwise asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 8.

9.      Paragraph 9 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 9.

10.      Paragraph 10 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 10.

11.      Paragraph 11 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 11.

12.      Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 12 and therefore denies them.

13.      Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 13 and therefore denies them.

14.      Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 14 and therefore denies them.

15.      Trader Joe's denies U.S. Registration No. 4,835,102 was duly and legally issued. Trader Joe's denies a registration certificate for any trademark is attached to Plaintiff's Complaint.  Trader Joe's otherwise lacks knowledge or information sufficient to form a belief

about the truth of the allegations of paragraph 15 and therefore denies them.

16.    Paragraph 16 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 16.

17.    Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 17 and therefore denies them.

18.    Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 18 and therefore denies them.

19.    Trader Joe's admits the image set forth in paragraph 19 appears to display the words "CHILE CRUNCH" with the ® symbol adjacent thereto.  Paragraph 19 otherwise asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 19 and on that basis denies those allegations.

20.    Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 20 and therefore denies them.

21.    Paragraph 21 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's lacks sufficient knowledge or information to form a belief as to the truth of the allegations in Paragraph 21 and on that basis denies those allegations.

22.    Trader Joe's denies the allegations in paragraph 22..

23.    Trader Joe's denies the allegations in paragraph 23.

24.    Admitted.

25.    Trader Joe's admits on or around April 19, 2018 Trader Joe's corresponded with Chile Colonial.  Trader Joe's denies the remaining allegations in paragraph 25.

26.    Trader Joe's denies the allegations in paragraph 26.

27.    Trader Joe's denies the allegations in paragraph 27.

28.    Trader Joe's admits that Trader Joe's sells a condiment called TRADER JOE'S Chili Onion Crunch.  Trader Joe's denies that it created TRADER JOE'S Chile Onion Crunch

after April 19, 2018.  Trader Joe's admits the image set forth in paragraph 28 appears to be an image of TRADER JOE'S Chili Onion Crunch.

29.     Trader Joe's admits that TRADER JOE'S Chili Onion Crunch contains olive oil, dried onions, dried garlic, dried red bell peppers, crushed chili peppers, toasted dried onions, sea salt, natural flavors, paprika oleoresin.  Trader Joe's otherwise denies the allegations in paragraph 29.

30.     Trader Joe's denies the allegations in paragraph 30.

31.     Paragraph 31 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 31.

32.     Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 32 and therefore denies them.

33.     Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 33 and therefore denies them.

34.     Trader Joe's admits it received a letter from Plaintiff dated July 11, 2019. Paragraph 34 otherwise asserts legal conclusions and argument to which no response is required. To the extent a response is required, Trader Joe's denies those allegations.

35.     Trader Joe's admits it received a letter from Plaintiff dated July 11, 2019. Paragraph 35 otherwise asserts legal conclusions and argument to which no response is required. To the extent a response is required, Trader Joe's denies those allegations.

36.     Trader Joe's admits it received a letter from Plaintiff dated October 7, 2019. Paragraph 36 otherwise asserts legal conclusions and argument to which no response is required. To the extent a response is required, Trader Joe's denies those allegations.

37.     Trader Joe's denies the allegations in paragraph 37.

38.     Paragraph 38 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies that it "free-ride[s] on" or benefits from Plaintiff's goodwill, and Trader Joe's otherwise lacks sufficient knowledge or

4

information to form a belief as to the truth of the allegations in Paragraph 38 and on that basis denies those allegations.

39.     Trader Joe's denies that Plaintiff's Chile Crunch and TRADER JOE'S Chili Onion Crunch are "nearly identical products" or "directly competing goods."  Trader Joe's otherwise lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 39 and therefore denies them.

40.     Paragraph 40 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 40.

41.     Trader Joe's denies the allegations in paragraph 41.

42.     Paragraph 42 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 42.

43.     Trader Joe's admits it has sold TRADER JOE'S Chili Onion Crunch after October 20, 2015.  Trader Joe's denies all other allegations in paragraph 43, including that it engaged in infringement.

44.     Paragraph 44 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 44.

45.     Paragraph 45 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 45.

46.     Paragraph 46 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 46.

47.     Paragraph 47 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph

47.

48.     Trader Joe's denies the allegations in paragraph 48.

49.     Trader Joe's denies the allegations in paragraph 49.

50.     Trader Joe's denies the allegations in paragraph 50.

51.     Paragraph 51 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 51.

52.     Paragraph 52 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 52.

53.     Trader Joe's denies the allegations in paragraph 53.

54.     In response to Paragraph 54, Trader Joe's incorporates by this reference each and every admission, denial, and allegation set forth in Paragraphs 1 through 53, inclusive, of this Answer.

55.     To the extent that the term "Chile Colonial mark" is a contention that CHILE CRUNCH functions as a trademark, Paragraph 55 asserts a legal conclusion to which no response is required.  To the extent a response is required, Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 55 and therefore denies them.

56.     Paragraph 56 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 56.

57.     Paragraph 57 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 57.

58.     Trader Joe's admits it has used the term "Chili Onion Crunch" on its website, advertising, and product labeling of TRADER JOE'S Chili Onion Crunch.  Paragraph 58

otherwise asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 58.

59.     Paragraph 59 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 59.

60.     Paragraph 60 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 60.

61.     Paragraph 61 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 61.

62.     Trader Joe's admits it has not entered into any license agreements with Plaintiff. Otherwise, the allegations of paragraph 62 are too vague and conclusory to respond to. To the extent a response is required, Trader Joe's denies the allegations in paragraph 62.

63.     Paragraph 63 asserts legal conclusions and argument to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 63.

64.     Trader Joe's denies the allegations in Paragraph 64.

65.     Trader Joe's denies the allegations in Paragraph 65.

66.     Trader Joe's denies the allegations in Paragraph 66.

67.     Trader Joe's denies the allegations in Paragraph 67.

68.     Trader Joe's denies the allegations in Paragraph 68.

69.     Trader Joe's denies the allegations in Paragraph 69.

70.     In response to Paragraph 70, Trader Joe's incorporates by this reference each and every admission, denial, and allegation set forth in Paragraphs 1 through 69, inclusive, of this Answer.

71.     Trader Joe's admits it sells a product called TRADER JOE'S Chili Onion Crunch

that contains garlic and onions.  Trader Joe's denies the remaining allegations of paragraph 71.

72.      Trader Joe's denies the allegations in Paragraph 72.

73.      Trader Joe's denies the allegations in Paragraph 73.

74.      Trader Joe's denies the allegations in Paragraph 74.

75.      Trader Joe's denies the allegations in Paragraph 75.

76.      Trader Joe's denies the allegations in Paragraph 76.

77.      Trader Joe's denies the allegations in Paragraph 77.

78.      In response to Paragraph 78, Trader Joe's incorporates by this reference each and every admission, denial, and allegation set forth in Paragraphs 1 through 77, inclusive, of this Answer.

79.      To the extent that the term "Chile Colonial mark" is a contention that CHILE CRUNCH functions as a trademark, Paragraph 79 asserts a legal conclusion to which no response is required.  To the extent a response is required, Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 79 and therefore denies them.

80.      To the extent that the term "Chile Colonial mark" is a contention that CHILE CRUNCH functions as a trademark, Paragraph 80 asserts a legal conclusion to which no response is required.  To the extent a response is required, Trader Joe's lacks knowledge or information sufficient to form a belief about the truth of the allegations of paragraph 80 and therefore denies them.

81.      Trader Joe's denies the allegations in Paragraph 81.

82.      Trader Joe's denies the allegations in Paragraph 82.

83.      Paragraph 83 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 83.

84.      Paragraph 84 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 84.

85.      Trader Joe's denies the allegations in Paragraph 85.

86.     Trader Joe's denies the allegations in Paragraph 86.

87.     Trader Joe's denies the allegations in Paragraph 87.

88.     Trader Joe's denies the allegations in Paragraph 88.

89.     Trader Joe's denies the allegations in Paragraph 89.

90.     In response to Paragraph 90, Trader Joe's incorporates by this reference each and every admission, denial, and allegation set forth in Paragraphs 1 through 89, inclusive, of this Answer.

91.     Trader Joe's denies the allegations in Paragraph 91.

92.     Trader Joe's denies the allegations in Paragraph 92.

93.     Trader Joe's admits that its product label uses the descriptive words "Chili Onion Crunch" next to its unique and registered TRADER JOE'S trademark.  Trader Joe's otherwise denies the allegations in Paragraph 93.

94.     Trader Joe's denies the allegations in Paragraph 94.

95.     Paragraph 95 asserts legal conclusions to which no response is required.  To the extent a response is required, Trader Joe's denies the allegations in Paragraph 95.

96.     Trader Joe's denies the allegations in Paragraph 96.

97.     Trader Joe's denies the allegations in Paragraph 97.

98.     In response to Paragraph 98, Trader Joe's incorporates by this reference each and every admission, denial, and allegation set forth in Paragraphs 1 through 97, inclusive, of this Answer.

99.     Trader Joe's denies the allegations in Paragraph 99.

100.    Trader Joe's denies the allegations in Paragraph 100.

101.    Trader Joe's denies the allegations in Paragraph 101.

102.    Trader Joe's denies the allegations in Paragraph 102.


**PRAYER FOR RELIEF**

Plaintiff's prayer for relief contains legal conclusions to which no response is required. To the extent a responsive pleading is deemed to be required, Trader Joe's denies that Plaintiff is entitled to any relief, whether damages, an injunction or otherwise. Trader Joe's seeks its own fees in responding to Plaintiff's deficient Complaint.

## JURY DEMAND

Plaintiff's demand for trial by jury is a legal statement to which no response is required. Trader Joe's likewise requests a trial by jury on all issues so triable.

## GENERAL DENIAL

To the extent that any allegations of Plaintiff's Complaint are not specifically admitted, Trader Joe's denies them.

## AFFIRMATIVE DEFENSES

1.      Subject to the responses above, Trader Joe's alleges and asserts the following defenses in response to the allegations, undertaking the burden of proof only as to those defenses deemed affirmative defenses by law, regardless of how such defenses are denominated herein. In addition to the affirmative defenses described below, subject to its responses above, Trader Joe's specifically reserves all rights to allege additional affirmative defenses that become known through the course of discovery.

### First Defense

2.      Plaintiff's Complaint fails to state a claim upon which relief can be granted, including, but not limited to, failure of Plaintiff's Complaint to meet the standard for pleading set by the United States Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

### Second Defense

3.      There is no likelihood of confusion, mistake, or deception based on Trader Joe's use of the common, descriptive word "crunch" or common, descriptive phrase "chili *onion* crunch" in conjunction with its TRADER JOE'S-branded condiment.

4.     Trader Joe's and Plaintiff's respective products at issue do not compete in the marketplace.  The products at issue are not likely to be viewed as substitutes for each other.  Trader Joe's and Plaintiff's products are also sold in different grocery retail channels.  Trader Joe's product is only found in Trader Joe's retail stores.  Trader Joe's does not sell online or in any of the retailers in which Plaintiff sells its product.

5.     Moreover, the words "Chili Onion Crunch" on Trader Joe's product packaging appears in conjunction with the TRADER JOE'S trademark in Trader Joe's distinctive bold, red lettering, which unequivocally identifies the product as coming from Trader Joe's.

### Third Defense

6.     Plaintiff's claims are barred in whole or in part by the doctrine of prior use.

### Fourth Defense

7.     Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.  Plaintiff implicitly and explicitly allows third parties to use the terms "chile" and/or "crunch" in connection with chili products containing common ingredients.

### Fifth Defense

8.     Plaintiff's claims are barred by laches, acquiescence, and unclean hands.

### Sixth Defense

9.     Plaintiff is engaged in trademark misuse in attempting to monopolize the market beyond the boundaries of any purported trademark rights it may have, if any.

### Seventh Defense

10.     Trader Joe's actions were innocent and non-willful.

### Eighth Defense

11.     Plaintiff has suffered no damages and/or has failed to mitigate its damages, if any.

### Ninth Defense

12.     The Court, under doctrines of abstention and/or primary jurisdiction, should decline to adjudicate Plaintiff's claims.

### Tenth Defense

13.     Trader Joe's has a descriptive fair use defense, entitling it to use the terms "chile",
or "crunch" in connection with its own condiment.

**Reservation of Additional Defenses**

14.     Trader Joe's reserves the right to assert any additional defenses or counterclaims
which may now exist or in the future may be available based on discovery and further factual
investigation in this case.

### TRADER JOE'S COUNTERCLAIMS AGAINST CHILE COLONIAL, LLC

15.     For its counterclaims against Plaintiff, Defendant and Counterclaimant Trader
Joe's alleges on knowledge as to its own conduct and on information and belief as to all other
matters, as follows:

### JURISDICTION AND VENUE

16.     These counterclaims arise under 28 U.S.C. §§ 2201 and 2202. This Court has
federal question jurisdiction over these counterclaims pursuant to 28 U.S.C. §§ 1331 and
1138(a).

17.     Acts giving rise to the claims asserted herein have occurred in this judicial
district.  Venue properly lies within the District of Colorado pursuant to 28 U.S.C. §§ 1391 and
1400(a).

18.     This Court has personal jurisdiction over Plaintiff because it resides in Colorado
and because this action arises from Plaintiff's activities within the state of Colorado.  Moreover,
by bringing its Complaint against Trader Joe's in this Court, Plaintiff has consented to this
Court's jurisdiction.

### Trader Joe's and TRADER JOE'S Chili Onion Crunch

19.     Defendant and Counterclaim-plaintiff Trader Joe's is a California corporation
with its principal place of business at 800 South Shamrock Avenue, Monrovia, California 91016.
Trader Joe's is engaged in the business of selling high-quality groceries at low prices, including
thousands of its own products under the TRADER JOE'S brand label.  Trader Joe's owns

numerous federally registered and common-law trademarks associated with its retail grocery chain and its products.

20.     For many of the thousands of food and grocery products that Trader Joe's develops and markets under its TRADER JOE'S brand, Trader Joe's adds the unique TRADER JOE'S trademark to the common name of a food or grocery product, such as TRADER JOE'S Organic Hummus Dip, TRADER JOE'S Gummy Multivitamin Dietary Supplement, TRADER JOE'S Organic Reduced Sugar Raspberry Preserves, TRADER JOE'S Milk Chocolate Covered Potato Chips, TRADER JOE'S Roasted Garlic Salsa, TRADER JOE'S Macaroni & Cheese, TRADER JOE'S Salt and Vinegar Potato Chips, TRADER JOE'S Organic Cornflakes, TRADER JOE'S Organic Creamy Tomato Soup, TRADER JOE'S Gluten Free Rice Pasta, TRADER JOE'S Low Calorie Lemonade, TRADER JOE'S Hot and Sweet Mustard, TRADER JOE'S Tomato Paste Vine-Ripened Tomatoes, TRADER JOE'S Multigrain Tortilla Chips, and TRADER JOE'S Dark Chocolate Bars.

21.     One such product sold by Trader Joe's is a condiment called TRADER JOE'S Chili Onion Crunch.  The condiment features the registered trademark, TRADER JOE'S, followed by "chili", "onion" and "crunch" in an elaborate design, as seen below.



22.     Trader Joe's chose the term "Chili Onion Crunch" to inform customers that this food item contains chile peppers and onions with the quality of being crunchy.

### Plaintiff and CHILE CRUNCH

23.     Plaintiff and Counterclaim-defendant, Chile Colonial, LLC is a Colorado limited liability company having its principal place of business at 8155 E. Fairmont Drive, Suite 1521, Denver Colorado 80230, is the owner of record for Trademark Registration No. 4,835,102 (the "Registration") issued on October 20, 2015, for CHILE CRUNCH  for the following goods:

International Class 30:  Condiments, namely, salsa; sauces.

24.     The Registration is based on application Serial No. 86/474,975 (the "Application"), a copy of which is attached as **Exhibit 1** hereto.

25.     The Application was filed on December 9, 2014 by Plaintiff.  The original recitation of goods claimed in the Application were "Condiments; Sauces."  Plaintiff sought registration on the Principal Register, claiming a first use in commerce of June 6, 2006.

26.     On March 24, 2015, the Examining Attorney issued an office action refusing registration on the Principal Register because CHILE CRUNCH "merely describes a desirable feature of applicant's goods."

27.     Specifically, the Examining Attorney noted that "CHILE" is defined as "very hot and finely tapering pepper of special pungency" and "CRUNCH describes a desirable feature of the goods, per applicant's specimens of record describing its goods containing crunch chile." The Examining Attorney determined this combination of words, used exactly as set forth in their dictionary definitions, rendered the overall application for CHILE CRUNCH descriptive and not entitled to registration.

28.     Separately, the Examining Attorney also found the Application's description of goods to be "indefinite" and "must be clarified."

29.     On June 4, 2015, Plaintiff responded to the March 24, 2015 office action, disclaiming the term "CHILE" and alleging acquired distinctiveness under Section 2(f).

30.     Plaintiff also amended the description of goods to "Condiments, namely, salsa and tapenades; sauces" and noted that if the Examining Attorney refused to accept its Section 2(f) claim it would amend the application for registration on the Supplemental Register.

31.     On June 30, 2015, the Examining Attorney amended the identification of goods in the application to "Condiments, namely, salsa; sauces."  The Examining Attorney did not explain why it removed "tapenades" from the amended identification of goods.

32.     Plaintiff did not submit to the USPTO any evidence of sales or advertising expenditures specific to CHILE CRUNCH.

33.     Plaintiff did not submit to the USPTO any arguments against the descriptive nature of CHILE CRUNCH .

34.     Plaintiff did not submit to the USPTO any survey evidence, market research, or consumer-reaction studies concerning CHILE CRUNCH.

35.     Plaintiff did not submit to the USPTO any affidavits or declarations asserting recognition of CHILE CRUNCH as a source indicator.

36.     On October 20, 2015, the USPTO allowed registration of CHILE CRUNCH, with the term "CHILE" disclaimed, for "Condiments, namely, salsa; sauces," and recorded the Registration on the Principal Register.

37.     The Examining Attorney assigned to examine the CHILE CRUNCH application erred in allowing the application to register.  The refusal should have been maintained because CHILE CRUNCH is highly descriptive and has not acquired distinctiveness and, in the alternative, is generic when used in connection with sauces or condiments formed from chile peppers with the quality of being crunchy.

**CHILE CRUNCH Is Highly Descriptive And Has Not Acquired Distinctiveness, And, In The Alternative, Is Generic When Used In Connection With Plaintiff's Goods**

38.     On information and belief, and based on the specimen submitted with the application for the Registration, Plaintiff's goods sold under the CHILE CRUNCH mark are varieties of a condiment formed from chile peppers with the quality of being crunchy.

39.     "Chile" is an alternative spelling of "chili" and means "a hot pepper of any of a group of cultivars (*Capsicum annuum annuum* group *longum*) noted for their pungency."   The Merriam-Webster Dictionary entry for "chile" is attached hereto as **Exhibit 2**.

40.     "Crunch" means "the quality of being crunchy; the tendency to make a crunching sound when chewed or pressed."  The Merriam-Webster Dictionary entry for "crunch" is attached hereto as **Exhibit 3**.

41.     Plaintiff describes the products sold under the CHILE CRUNCH mark as having the qualities and characteristics disclosed in the mark itself, namely, as "Heat Filled ***Crunch***," "Flavor + ***Chile*** + ***Crunch***," and "***Crunchy***, smoky, & infused with just the right amount of heat," as shown in the excerpts from Plaintiff's webpage below.  The webpage also prominently depicts a chile pepper.  A printout of Plaintiff's webpage is attached hereto as **Exhibit 4**.

**CHILE CRUNCH – ORIGINAL**

**Heat Filled Crunch**

Crunchy, smoky, and infused with just the right amount of heat. Chile Crunch is made in small batches from a savory blend of roasted chiles, garlic, onion and spices. The perfect partner for steak, chicken, fish, eggs and roasted vegetables. Also great on everything from pizza and pasta to burgers and tacos.





42.     Thus, as used by Plaintiff, CHILE CRUNCH "immediately conveys knowledge of a quality, feature, function, or characteristic" of Plaintiff's goods, namely, a sauce or condiment formed from chile peppers with the quality of being crunchy. *Coach Servs. Inc. v. Triumph Learning LLC*, 101 U.S.P.Q.2d 1713, 1728 (Fed. Cir. 2012).

43.     As such, the term "chile crunch," particularly the term "crunch," as used in connection with Plaintiff's goods, is  merely descriptive, and, in the alternative, generic and does not function as a trademark.

44.     On information and belief, beyond Trader Joe's TRADER JOE'S Chili Onion Crunch, numerous third parties use the terms "crunch," "chile crunch," and the alternative spelling "chili crunch" on products identical to the genus of goods sold under the Registration, including since before Plaintiff used, registered, or sought to enforce the Registration of the CHILE CRUNCH mark.  Trader Joe's and numerous third parties continue to use "crunch," "chile crunch" and the alternative spelling "chili crunch" on products identical to the genus of goods sold under the Registration to this day.

45.     Below are numerous examples of third parties who use "chile crunch," and the alternative spelling "chili crunch" on products identical to the genus of goods sold under the Registration, namely, condiments formed from chile peppers with the quality of being crunchy. The below represent only a sample of the total number of relevant goods, and others may be identified through further investigation.

| | |
|---|---|
|  |  |
| MOMOFUKU Chili Crunch<br>https://shop.momofuku.com/products/chili-crunch | DADDY MIKKS Chilli Crunch<br>https://www.amazon.com/Daddy-Mikks-Chili-Crunch-Garlic/dp/B07X1Z33JS |

 

| | |
|---|---|
| BLAK LABEL Chili Garlic Crunch<br>https://www.blaklabel.com/blak-label-catalog/chile-garlic-crunch | Garlic Chili Crunch by BOBOT<br>https://www.facebook.com/pages/category/Food---Beverage/Garlic-Chili-Crunch-by-Bobot-105800764515405/ |

| | |
|---|---|
|  |  |
| AMOCAN Chilli Prawn Crunch https://www.amocan.com/product/chilli-prawn-crunch-200g/ | Premium Chili Oil CHI CHI Crunch https://www.amazon.com/Chi-Crunch-Natural-Condiment-Delicious/dp/B07L436FDZ |
|  |  |
| OURGANICS Crunchy Chili-Garlic in Canola Oil https://shopee.ph/OurGanics-Crunchy-Chili-Garlic-in-Canola-Oil-(100-grams)-i.74007524.1234470646 | Le Crunch Chili Oils https://www.facebook.com/lecrunchchilioils/ |





| Wayne's Chili Garlic Crunch | Chef Troy's Recipe Crunchy Garlic Chili Sauce |
| https://www.facebook.com/Waynes-Chili-Garlic-Crunch-107418944396287/ | https://www.amazon.com/Mishima-Crunchy-Garlic-Japanese-Condiment/dp/B088TXP2FC |





| Mother Yim's Chilli Crunch | Harry's Crunchy Chili Oil |
| https://www.facebook.com/motheryims/ | https://m.facebook.com/Harrys-Crunchy-Chili-Oil-104872577922150/?__nodl&_rdr |

| | |
|---|---|
|  |  |
| Chilgar Crunchy Chili Garlic<br>https://www.facebook.com/Chilgar-Crunchy-Chilli-Garlic-115162976610752 | Theresa's Crunchy Chili Garlic in Canola Oil<br>https://www.facebook.com/Crunchy-Chili-Garlic-in-Canola-Oil-601922746901181 |
|  | |
| S&B UMAMI TOPPING Crunchy Garlic with Chili Oil<br>https://www.sbfoods-worldwide.com/products/search/036.html | |

46.     Beyond the identical genus of goods sold under the Registration, numerous third parties have used and continue to use the terms "chile crunch" and/or "chili crunch" on goods throughout Class 30.  The below represent only a sample of the total number of relevant goods, and others may be identified through further investigation.





| | |
|---|---|
| Wast Bali Cahshews Chili Crunch Cashew Nuts https://www.amazon.com/East-Bali-Cashews-Chili-Crunch/dp/B01MYBG50Q/ref=cm_cr_arp_d_p roduct_top?ie=UTF8 | Vivra Chocolate Chili Crunch Bar https://vivrachocolate.com/products/chili-crunch-chocolate-bar |





| | |
|---|---|
| Safeway Signature Select Sweet & Salty Chili Crunch Trail Mix https://www.safeway.com/shop/product-details.960119111.html | Go Wild Chili Lime Crunch https://gowildfood.com/collections/frontpage/p roducts/chili-lime-crunch |

| | |
|---|---|
|  |  |
| The Snack Artist Sweet & Salty Chili Crunch<br>https://www.burpy.com/tom-thumb/the-snack-artist-sweet-and-salty-chili-crunch/product-detail/1948664 | Rawxies Chili Lime Crunch<br>https://www.amazon.com/Rawxies-Crunch-Topper-Healthy-Organic/dp/B013RTHEBI/ref=cm_cr_arp_d_product_top?ie=UTF8 |

| | |
|---|---|
|  |  |
| Marimix Sweet Chili Crunch<br>https://www.marimix.com/sweet-chili-crunch-6-pack-of-6-oz/ | South Bend Chocolate Company Chili Lime Crunch<br>https://www.amazon.com/South-Bend-Chocolate-Company-Caramel/dp/B01MTD7VWB |
|  |  |
| Ralph's Chili Lime Crunch<br>https://www.ralphs.com/p/eat-smart-chili-lime-crunch-chopped-salad-kit/0070935130338 | Mix't Snacks Chili Lime Crunch<br>https://mixtsnacks.com/chili-lime-crunch-bag |

| | |
|---|---|
|  |  |
| Taste Oasis Chili Crunchy Peanuts<br>https://www.amazon.com/Taste-Oasis-Spicy-Peanuts-Variety/dp/B07NVWYKMG | South Bend Chocolate Company Chili Lime Chocolate Crunch<br>https://sbchocolate.com/chocolates/packaged-chocolate/crunches/chili-lime-crunch/ |

47.     In addition to the foregoing, Trader Joe's has identified at least 150 other relevant uses of the terms "chile crunch" and/or "chili crunch" on related products and others may be identified through further investigation.  A chart setting forth examples of such uses is attached hereto as **Exhibit 5**.

48.     The USPTO regularly refuses to register marks in Class 30 that consist of "GENERIC FOOD ITEM" + "CRUNCH" because such marks merely describe the food item and its inherent crunchy quality, and therefore fail to function as trademarks.

49.     As an illustrative, but not exhaustive sample,  the USPTO has refused registration for the following applications  because they feature marks consisting of "GENERIC FOOD ITEM" + "CRUNCH" which merely describe the goods sold under the mark:

    a.   RICE CRUNCH, Application Serial No. 88/515,163;

    b.   CHOCO CRUNCH, Application Serial No. 88/495,911;

    c.   COFFEE CRUNCH, Application Serial No. 88/495,892;

    d.   PEANUT CRUNCH, Application Serial No. 88/495,861;

    e.   BUFFALO CHICKEN CRUNCH ROLL, Application Serial No. 87/295,684;

    f.   HOT PEPPER CRUNCH ROLL, Application Serial No. 87/300,448;

    g.   BANANA PEPPER CRUNCH ROLL, Application Serial No. 87/300,455;

    h.   CRUNCH MALLOWS, Application Serial No. 85/787,021;

    i.   SESAME CRUNCH, Application Serial No. 78/183,772;

    j.   COFFEE CRUNCH, Application Serial No. 77/097,663;

    k.   JAVA CRUNCH, Application Serial No. 77/077,180;

    l.   COOKIE CRUNCH, Application Serial No. 77/049,699.

50.    Trader Joe's will suffer damage if the Registration is maintained.  Plaintiff is enforcing its contestable and arguably invalid registration against Trader Joe's in this action.

51.    CHILE CRUNCH should not have been allowed to register on the Principal Register because CHILE CRUNCH merely describes the goods sold under CHILE CRUNCH. The terms are generic and fail to function as a trademark.  Therefore, the Registration should be cancelled.

52.    Plaintiff's trademark registration covers "CHILE CRUNCH" with "chile" disclaimed, meaning the enforcement of its rights is limited to substantially the same mark for substantially the same goods.  In this case, Trader Joe's is using "TRADER JOE'S Chili Onion Crunch" which is not similar to CHILE CRUNCH.

## FIRST COUNTERCLAIM

## DECLARATION OF NON-INFRINGEMENT OF THE CHILE CRUNCH TRADEMARK

53.    Trader Joe's incorporates herein by reference each and every allegation contained in Paragraphs 15 through 52 above, inclusive, as set forth at length.

54.     By virtue of Plaintiff filing of its Complaint on August 3, 2020 in this Court, an actual controversy has arisen and exists between Trader Joe's and Plaintiff within the power of this Court to determine pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

55.     Plaintiff has directly accused Trader Joe's of trademark infringement.  Trader Joe's has not infringed and is not infringing Plaintiff claimed rights to use the term CHILE CRUNCH as a trademark.  No likelihood of confusion exists between Trader Joe's condiment packaging and Plaintiff's claimed trademarks as issued in U.S. Trademark Registration No. 4,835,102.

56.     By reason of the existence of an actual and justiciable controversy, Trader Joe's is entitled to a declaratory judgment that the product packaging of its TRADER JOE'S Chili Onion Crunch does not:  (i) infringe Plaintiff's claimed trademarks to CHILE CRUNCH or any common law rights it might have accrued through its use of the claimed CHILE CRUNCH mark; (ii) violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a); (iii) violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a); and/or (iv) violate any other federal, state, or common law.

57.     Trader Joe's is further entitled to attorneys' fees under 15 U.S.C. § 1117 (a).

## SECOND COUNTERCLAIM

## CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4,835,102 (DESCRIPTIVENESS)

58.     Trader Joe's realleges and incorporates herein by reference the matters alleged in paragraphs 15 through 57 above, inclusive, as set forth at length.

59.     CHILE CRUNCH is merely descriptive and fails to function as a source-identifying trademark on the goods identified in the Registration.

60.     The Application should have been refused under Sections 2(e) and 2(f) of the Lanham Act, Act, 15 U.S.C. §§ 1052(e)–(f), and should be cancelled.

61.     CHILE CRUNCH is not inherently distinctive.

62.     CHILE CRUNCH has not acquired distinctiveness and had not acquired distinctiveness as of the date the Registration issued.

63.     On information and belief, Plaintiff's use of CHILE CRUNCH is not and has not been "substantially exclusive" within the meaning of Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f).

64.     The Registration is not incontestable.

65.     Trader Joe's and third parties are entitled to continued use of the terms "chile" and "crunch" to describe their own goods.

66.     Maintenance of the Registration is causing and will cause damage to Trader Joe's and the public within the meaning of 15 U.S.C. § 1064 because said registration tends to create and maintain statutory rights in a trademark that consists of  highly descriptive terms as applied to the goods described in said registration, which has not acquired distinctiveness and is not incontestable.

### THIRD COUNTERCLAIM

### CANCELLATION OF U.S. TRADEMARK REGISTRATION NO. 4,835,102
### (GENERICNESS)

67.     Trader Joe's realleges and incorporates herein by reference the matters alleged in paragraphs 15 through 66 above, inclusive, as set forth at length.

68.     CHILE CRUNCH is generic and fails to function as a source-identifying trademark on the goods identified in the Registration.

69.     Section 14(3) of the Lanham Act, 15 U.S.C. § 1064(3), authorizes the cancellation of a federal trademark when the mark that is the subject of that registration is the generic name of the goods or services for which it is registered.

70.     A claim of acquired distinctiveness under Section 2(f) of the Lanham Act, 15 U.S.C. § 1052(f), cannot, as a matter of law, be asserted in connection with a generic term.

71.     The Application should have been refused under Section 2 of the Lanham Act, 15 U.S.C. § 1052, and should be cancelled.

72.     Trader Joe's has the lawful right to use the generic terms "chili" and "crunch," and the alternative spelling "chili onion crunch," on the label of its condiment product formed from chile peppers and onions with the quality of being crunchy.

73.     Maintenance of the Registration is causing and will cause damage to Trader Joe's and the public within the meaning of 15 U.S.C. § 1064 because said registration tends to create and maintain statutory rights in a trademark that consists of generic terms as applied to the goods described in said registration.

## TRADER JOE'S PRAYER FOR RELIEF

WHEREFORE, Trader Joe's respectfully requests that the Court enter judgment in its favor as follows:

(a)     U.S. Trademark Registration No. 4,835,102 be cancelled in its entirety;

(b)     The Complaint and each Count thereof be dismissed with prejudice;

(c)     A declaration that Trader Joe's use of the words "chile onion crunch" on its product packaging does not:

    (i)     infringe Plaintiff's registered trademark or any common law rights it might have accrued;

    (ii)     violate Section 32 of the Lanham Act, 15 U.S.C. § 1114(1)(a);

    (iii)     violate Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a);

    (iv)     violate Colo. Rev. Stat. § 6-1-101 *et seq.*;

    (v)     violate Colorado common law, including as to unfair competition and unjust enrichment

(d)     A determination that this is an exceptional case under 15 U.S.C. § 1117(a) and an award of costs, disbursements, and reasonable attorneys' fees to Trader Joe's assessed against Plaintiff; and

(e)     An award of such other and further relief as the Court may deem just and proper.

DATED:  November 2, 2020

Respectfully submitted,

**O'MELVENY & MYERS LLP**


*/s/ Brian Berliner*
Brian Berliner
400 South Hope Street
18th Floor
Los Angeles, CA 90071
Telephone: (213) 430-2600
Facsimile: (213) 430-2601

Scott W. Pink
2765 Sand Hill Road
Menlo Park, CA 94025-7019
Telephone: (650) 473-2600
Facsimile: (650) 473-2601

*Counsel for Defendant and Counterclaimant
Trader Joe's Company*

### DDD Civ. P.S. III(A)(4) Certification

I hereby certify that the foregoing pleading complies with the type-volume limitation set

forth in Judge Domenico's Practice Standard III(A)(1).


By:  */s/ Brian Berliner*
Brian Berliner

400 South Hope Street
18th Floor
Los Angeles, CA 90071
Telephone:      +1 213 430 6000
Facsimile:      +1 213 430 6001

*Attorneys for Defendant,
Trader Joe's Company*

**<u>Certificate of Service</u>**

I hereby certify that on this 2nd day of November 2020, a true and correct copy of the above and foregoing Answer and Counterclaims was filed electronically with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the attorneys of record for Plaintiff:

Stewart Drake Cables
John Louis Skari, Jr.
**Hassan & Cables, LLC**
1035 Pearl Street, Suite 200
Boulder, CO 80301
303-249-9994
Fax: 303-957-1971
Email: stewart@hassancables.com
Email: john@hassancables.com

Christopher J. Day
**Law Office of Christopher Day**
9977 North 90th Street, Suite 155
Scottsdale, ARIZONA UNITED STATES 85258
602-258-4440
Fax: 602-258-4441

Email: chris@daylawfirm.com

*/s/      Andrew M. Levad_____*
Andrew M. Levad